```
                   IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF UTAH
_____

KIRK R. WINWARD,                    )   **DISMISSAL ORDER &**
                                    )   **MEMORANDUM DECISION**
         Plaintiff,                 )
                                    )   Case No. 2:11-CV-1196 CW
    v.                              )
                                    )   District Judge Clark Waddoups
JON HUNTSMAN JR. et al.,            )
                                    )
         Defendants.                )
_____
```

Plaintiff/inmate, Kirk R. Winward, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2012), proceeding *in forma pauperis*, *see* 28 *id.* 1915.  His claims attack Defendants Jon M. Huntsman Jr., Gary R. Herbert, Utah Board of Pardons and Parole (BOP), Utah Department of Corrections (UDOC), and five John Doe "agents," for violating BOP rules, state law, and the Federal Constitution in conducting Plaintiff's parole hearing and in determining the length of his incarceration within his indeterminate sentence.

The Court now screens these claims under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  *See id.* §§ 1915-1915A.

## ANALYSIS

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this

Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).  When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable

2

to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).  In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.; see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).  Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**Improper Defendants**

**a. Respondeat Superior**

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).  Because Plaintiff has done nothing to affirmatively link Defendants Huntsman or Herbert to the violation of his civil rights, but has instead identified them merely as supervisors who did not intervene when their employees violated his civil rights, Plaintiff's claims against Huntsman and Herbert may not survive.  These two defendants are therefore dismissed.

### b. Eleventh Amendment Immunity

As a basis for dismissing the BOP and UDOC as defendants, the Court reviews Eleventh Amendment immunity. These are state entities, which are not generally subject to suit under § 1983. The Court therefore construes any claims against these entities as claims against the State of Utah itself.

"Whether a defendant is immune from suit under the Eleventh Amendment is a question which goes to the court's subject matter jurisdiction." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Thompson v. Colorado*, 278 F.3d 1020, 1023-24 (10th Cir. 2001)). Generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Id.* (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State of Utah has waived its immunity or that it has been abrogated by Congress. The BOP and UDOC are arms of the state for sovereign-immunity purposes. *See id.* at *8-9. Because the claims against the BOP and UDOC are precluded by Eleventh Amendment immunity, the Court has no subject-matter jurisdiction to consider them. *See id.* at *9. And, the BOP and UDOC must be dismissed as defendants.

### c. John Does

Plaintiff refers to John Does ("agents"), without giving detailed information that would allow them to be identified. Claims against such unidentifiable defendants are invalid and dismissed. In any case, such agents would not have been the individuals who gave him an illegal hearing and excess sentence, which are his two claims.

### CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2012). And, opportunity to amend would be futile.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**. This case is **CLOSED.**

DATED this 7th day of June, 2012.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court